**Eric J. Brickenstein**, OSB No. 142852
Email: ebrickenstein@hk-law.com
**HAGLUND KELLEY LLP**
2177 SW Broadway
Portland, OR  97201
Phone:  (503) 225-0777
Facsimile:  (503) 225-1257

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

(Pendelton Division)

| | |
|---|---|
| **DARLENE LANE**, a seaman,<br><br>　　　　　Plaintiff,<br>　v.<br><br>**AMERICAN QUEEN STEAMBOAT OPERATING COMPANY, LLC**, a Delaware limited liability company, and **HMS GLOBAL MARITIME, LLC**, a Delaware limited liability company,<br><br>　　　　　Defendants. | Case No.:<br><br>**SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, AND MAINTENANCE AND CURE WAGES**<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.　　Plaintiff Darlene Lane has at all material times been a citizen of the United States and elects to bring this action pursuant to the provisions of 28 U.S.C. § 1916 without prepayment of fees and costs and without deposit of security therefor.

PAGE 1 – **COMPLAINT**

2. This action is brought under the admiralty and maritime law as modified by the Jones Act, 46 U.S.C. § 30104, e*t seq.*, the General Maritime Law, and all other applicable statutes and laws. This Court has jurisdiction pursuant to 46 U.S.C. § 30104, and 28 U.S.C. § 1333.

3. This case involves claims under the Jones Act and the General Maritime Law arising from injuries sustained by Plaintiff Darlene Lane while working aboard the *American Empress*, a vessel owned by Defendant HMS Global Maritime, LLC, and operated by Defendant American Queen Steamboat Operating Company, LLC.

## PARTIES

4. Plaintiff Darlene Lane is a resident of North Carolina. Ms. Lane is an employee of Defendant American Queen Steamboat Operating Company. Ms. Lane worked in the laundry facilities of the *American Empress* while the vessel was operating on the Columbia River at the time she was injured.

5. Defendant American Queen Steamboat Operating Company (hereinafter "American Queen") is a Delaware limited liability company that operates steamboats in service for passenger cruises on various routes along the waterways of the United States.

6. Defendant HMS Global Maritime, LLC (hereinafter "HMS Global") is a Delaware limited liability company and the owner of the steamboats operated by Defendant American Queen, including the vessel *American Empress* (the "Vessel").

## FACTS

7. Plaintiff works in the laundry facility aboard the *American Empress* during the Vessel's operation of its passenger cruise routes along various waterways in the United States.

Plaintiff has worked on other steamboats operated by Defendant American Queen throughout her employment with the company, including the *American Queen* and the *American Countess*.

8.      In or around October 2023, Plaintiff boarded the *American Empress* to work in the laundry facility during the steamboat's passenger cruise along the Columbia River.

9.      Spanning 360 feet, the *American Empress* is the largest overnight riverboat west of the Mississippi River.

10.     The laundry facility of the *American Empress* consists of an unreasonably small room containing large commercial washers and dryers, laundry carts, and other equipment. Despite the Vessel's large size, the laundry room contains little to no open space for employees to move about freely or perform their work without the risk of laundry equipment interfering with their job duties and creating unreasonable danger to their person. In fact, the other laundry facilities Plaintiff worked in during her employment on other steamboats operated by Defendant American Queen are significantly larger despite the vessels' similar sizes.

11.     As an employee in the steamboat's laundry facility, Plaintiff was tasked with operating the washers and dryers as well as periodically cleaning the washers and dryers to prevent a fire from occurring.

12.     On or about November 18, 2023, during the *American Empress*'s service along its Columbia River route, Plaintiff began cleaning one of the large commercial dryers in the laundry room. Laundry carts and other equipment created dangerous obstructions and obstacles throughout the laundry room due to the room's inadequate size for appropriate storage of the equipment.

///

13. Upon completing the dryer cleaning, Plaintiff turned away from the dryer. Without sufficient space to safely maneuver, Plaintiff's right foot hit a laundry cart while she turned around and she fell to the ground. As a result of this incident, Plaintiff sustained serious bodily injuries.

14. On or about November 19, 2023, Plaintiff was taken to the emergency room at Tri-State Memorial Hospital in Clarkston, Washington when the *American Empress* reached its next scheduled port along its cruise route. Plaintiff underwent a CT scan at the hospital. This imaging revealed that Plaintiff sustained an acute chest wall contusion, broke skin on her left knee, and experienced swelling as a result of the incident. Plaintiff also experiences significant back and shoulder pain and must now use a cane to assist her with walking due to her limited mobility following the incident.

15. Having no other means of transportation, Plaintiff resorted to taking an Uber car ride to the airport to return home to North Carolina and recuperate from her injuries.

16. Since incurring her injuries, Plaintiff has been unable to work and, likely, will never be able to return to work again. Additionally, Plaintiff struggles with using the two flights of stairs to her apartment. Due to her limited mobility and ongoing pain from her injuries, Plaintiff fears walking or going outside alone and requires assistance to get in and out of the shower. In short, Ms. Lane's life is forever changed by her injuries.

17. Plaintiff has been to doctor's appointments following the incident to further address her injuries. Plaintiff requires additional testing to appropriately monitor her recovery.

18. Following the incident, Plaintiff's name was taken off Defendant American Queen's online portal that allows employees to view their salary and pay information.

19. Prior to the incident, Plaintiff received a salary of approximately $2,230.00 every two weeks from Defendant American Queen.

20. Following the incident, Plaintiff has received a grossly inadequate sum of approximately $630.00 every two weeks from Defendant American Queen. Defendant American Queen has failed to properly engage with Plaintiff regarding her medical treatment needs or this insufficient amount of maintenance and cure.

## FIRST CLAIM FOR RELIEF

### (Jones Act Negligence against Defendant American Queen)

21. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 above as though fully set forth herein.

22. As Ms. Lane's employer, Defendant American Queen owed her a duty to provide a safe place for her to work.

23. On and around November 18, 2023, while Ms. Lane was engaged in the course of her duties in the service of the *American Empress*, Defendant American Queen was negligent in, without limitation, the following particulars:

   a. Failing to provide sufficient space for Plaintiff to properly perform her work;

   b. Failing to provide sufficient space for laundry equipment to be stored appropriately to prevent interference with Plaintiff's and other employees' performance of their job duties; and

   c. Failing to provide Plaintiff with a safe place in which to work.

///

///

24. As a direct and foreseeable result of defendant American Queen's negligence, Ms. Lane sustained injuries to her rib cage, back, shoulder, and left knee, all of which have caused and continue to cause her physical pain, suffering and emotional distress.

25. Plaintiff was required to and did seek medical care and treatment by physicians and other health providers for her injuries. Ms. Lane will continue to require medical care and treatment in the future.

26. Plaintiff has suffered and will continue to suffer damages including but not necessarily limited to loss of income, medical costs, physical pain and suffering, emotional distress, and a reduction in her quality of life in an amount that continues to accrue and will be proved at trial.

## SECOND CLAIM FOR RELIEF

### (Unseaworthiness against Defendant HMS Global)

27. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 above as though fully set forth herein.

28. As the vessel owner, Defendant HMS Global owed a duty to furnish a seaworthy vessel.

29. On and around November 18, 2023, while Ms. Lane was engaged in the course of her job duties in the service of the *American Empress*, the vessel was unseaworthy in, without limitation, the following particulars:

    a. The location where Plaintiff was required to work contained insufficient space for Plaintiff to properly and safely perform her work;

    b. The location where Plaintiff was required to work contained insufficient space for

        laundry equipment to be stored appropriately to prevent interference with Plaintiff's and other employees' performance of their job duties, creating an unreasonably dangerous condition; and

    c.    The location where Plaintiff was required to work was unsafe.

30.    As a direct and foreseeable result of the unseaworthiness of the *American Empress*, Plaintiff sustained significant bodily injuries and incurred ongoing medical expenses and lost income.

31.    As a direct and foreseeable result of the unseaworthiness of the *American Empress*, Plaintiff has suffered and continues to suffer physical pain, suffering, emotional distress, and reduction in quality of life as a direct result of her injuries.

32.    Plaintiff has suffered and will continue to suffer damages including but not necessarily limited to loss of income, medical costs, physical pain and suffering, emotional distress, and a reduction in her quality of life in an amount that continues to accrue and will be proved at trial.

### THIRD CLAIM FOR RELIEF

**(Maintenance and Cure, and Unearned Wages against Defendant American Queen)**

33.    Plaintiff incorporates the allegations contained in paragraphs 1 through 20 above as though fully set forth herein.

34.    Upon Plaintiff's becoming injured from the incident in the laundry room, it became the duty of Defendant American Queen to apprise Plaintiff of her right to seamen's benefits, to promptly authorize and pay for cure, to promptly afford and authorize Plaintiff the opportunity to receive cure, to promptly pay Plaintiff the expenses of her maintenance and cure,

as well as her wages to the end of the period of employment for which Plaintiff was engaged. Defendant American Queen failed to fully satisfy these duties.

35.     Plaintiff is entitled to maintenance and cure on a continuing basis until such time as she reaches maximum improvement. Plaintiff's injuries required, and will in the future require, medical care.

36.     For the reasons set forth above, Plaintiff has been damaged in sums according to proof for past and future maintenance and cure, and for unearned wages in an amount to be proved at trial.

37.     By reason of said failure to satisfy Plaintiff's right to maintenance and cure, Plaintiff was forced to engage the services of counsel and has incurred and will continue to incur attorneys' fees and expenses for which Plaintiff is entitled to recover.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff prays for a judgment as follows:

1.      For general damages in an amount to be proved at trial;

2.      For all medical expenses, past and future in an amount to be proved at trial;

3.      For all loss of income, past and future in an amount to be proved at trial;

4.      For maintenance, cure, and unearned wages in an amount to be proved at trial;

5.      For reasonable attorneys' fees and expenses incurred herein;

6.      For prejudgment interest according to general maritime law;

7.      For Plaintiff's costs of suit incurred herein; and

8.      For such other relief as this Court deems just and proper.

///

DATED this 1st day of February, 2024.

                HAGLUND KELLEY LLP

                By: *s/* Eric J. Brickenstein
                      Eric J. Brickenstein, OSB No.
                      ebrickenstein@hk-law.com
                      2177 SW Broadway
                      Portland OR 97201
                      (503) 225-0777
                      Attorney for Plaintiff

                      Trial Attorney